IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01792-KAS

LAKESHIA PARHAM,

      Plaintiff,

v.

ADAMS-ARAPAHOE 28J SCHOOL DISTRICT, also known as Aurora Public Schools,

      Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Motion to Dismiss** [#25] (the "Motion"). Plaintiff filed a Response [#26] in opposition to the Motion [#25], and Defendant filed a Reply [#27]. The Court has reviewed the briefing, the entire case file, and the applicable law. For the following reasons, the Motion [#25] is **granted**.

## I.    Background

Plaintiff Lakeshia Parham, a Black female educator, began working for Defendant Adams-Arapahoe 28J School District ("Defendant" or "the District") on or about December 10, 2015, as a year-to-year adjunct instructor. *Am. Compl.* [#23], ¶¶ 4, 11, 99. Defendant operates Pickens Technical College ("PTC"). *Id.*, ¶ 21.

Plaintiff alleges that Defendant discriminated against and retaliated against her throughout her employment, particularly beginning in May 2022. *See, e.g., id.*, ¶¶ 18, 20-21, 38, 50, 51-52, 54, 64-65, 80-88. Specifically, Plaintiff asserts that Defendant delayed or dismissed her grievances while expediting those of similarly situated non-Black

employees. *Id*., ¶¶ 12, 21, 24-26, 28-31, 33-50, 64-65. Plaintiff further contends Defendant retaliated against her for using the grievance process by denying her opportunities to onboard new employees, initiated a "negative documentation process" to tarnish her otherwise positive employment record, failed to report her complaints to Human Resources, denied her access to and pay for an asynchronous day provided to non-Black employees, disciplined her for lesser violations than those committed by non-Black employees who faced no adverse consequences, and delayed or dismissed an investigation into student threats against her. *Id*., ¶¶ 31-87.

On May 1, 2023, Defendant announced that it would discontinue the cosmetology night classes for at least two years and would not renew the contracts of four Black teachers, including Plaintiff. *Id*., ¶ 90. Plaintiff alleges that Defendant used the cosmetology night program closure as a pretext to terminate her employment. *Id*., ¶ 17. She also asserts that Defendant delayed notifying her and the other Black teachers so they could not apply for open teaching positions for the following school year. *Id*., ¶¶ 91-95. Plaintiff's employment ended on May 26, 2023. *Response* [#26] at 2, ¶ 3.[1]

Plaintiff brings two claims under Title VII of the Civil Rights Act of 1964 for discrimination and retaliation. *Am. Compl.* [#23], ¶¶ 102-19. She also brings a claim under the Colorado Anti-Discrimination Act ("CADA"), Colo. Rev. Stat. § 24-34-401, et seq. *Id*., ¶¶ 120-23. For relief, Plaintiff seeks back pay, incidental and consequential damages, damages for pain and suffering, punitive damages, attorney fees, and reinstatement or, alternatively, front pay. *Id*. at 27. Defendant moves to dismiss under Federal Rule of Civil

---

[1] Plaintiff did not include her last day of employment in her Amended Complaint.

Procedure 12(b)(6), arguing that Plaintiff failed to timely exhaust her administrative remedies. *Motion* [#25] at 5-8.

## II.    Standard of Review

Rule 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When the complaint includes 'well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Carraway v. State Farm & Cas. Co.* , No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter." *Foster v. Rurhpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004) (internal quotation marks and modification omitted). A plaintiff's failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional bar. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). A defendant may raise this affirmative defense in a motion to dismiss "when the grounds for the defense appear on the face of the complaint." *Cirocco v. MacMahon*, 768 F. App'x 854, 858 (10th Cir. 2019).

Finally, the court may consider materials referenced in, though not attached to, the complaint if they are "(1) mentioned in the complaint, (2) central to the claims at issue, and (3) not challenged as inauthentic." *Ramirez v. Hotel Equities Grp., LLC*, No. 19-cv-294-WJM-KMT, 2019 WL 5964968, at *1 (D. Colo. Nov. 13, 2019) (cleaned up) (quoting *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013)).

### III.    Plaintiff's Charges of Discrimination

Plaintiff filed a Complaint of Discrimination with the Colorado Civil Rights Division ("CCRD") and the Equal Employment Opportunity Commission ("EEOC") on February 27, 2023[2], while still in Defendant's employ. *Am. Compl.* [#23], ¶ 27; *Compl. of Discrimination* [#1-7]. In that complaint, Plaintiff cited incidents occurring between September 30, 2022, and February 16, 2023. *Compl. of Discrimination* [#1-7]. She asserted those incidents showed that Defendant discriminated against her based on her race, age, and gender, and retaliated against her for engaging in protected activity. *Id*. Her Complaint neither references nor includes a Right to Sue Letter from the EEOC in connection with that Complaint of Discrimination.

Instead, Plaintiff alleges that the EEOC issued a Right to Sue Letter on April 29, 2025. *Am. Compl.* [#23], ¶ 101 (citing Ex. 28 to original Complaint); *Ex. 28 to Compl.* [#1-28]. That Right to Sue Letter concerns EEOC Charge No. 541-2024-02078. *Ex. 28 to Compl.* [#1-28] at 1. Plaintiff did not attach that EEOC Charge to her Complaint, but Defendant attached it to its Motion. *See Ex. A to Def.'s Motion* [#25-1] at 5-22. That EEOC

_____

[2] For reasons unknown, Plaintiff had repeatedly alleged that she filed her Complaint of Discrimination on February 24, 2024. *See Compl.* [#1], ¶ 27; *Am. Compl.* [#23], ¶ 27. However, the Complaint of Discrimination is dated February 27, 2023. *See Compl. of Discrimination* [#1-7] at 4.

Charge is dated March 13, 2024. *Id*. at 5-6. The Court may consider the March 13, 2024 EEOC Charge without converting Defendant's Motion into a motion for summary judgment because the EEOC Charge is related to the Right to Sue Letter that Plaintiff attached to her Complaint, it is central to Plaintiff's allegations, its authenticity is unchallenged and, as an administrative and agency document, the Court may judicially notice it. *See Lawrence v. Cherry Creek Sch. Dist. No. 5*, No. 24-cv-00678-DDD-KAS, 2025 WL 553738, at *2 (D. Colo. Feb. 18, 2025), *report and recommendation adopted*, 2025 WL 947186 (D. Colo. Mar. 10, 2025). That Charge concerns discrete acts of race, color, sex, and age discrimination and retaliation that allegedly occurred between May 12, 2022, and May 1, 2023, when Defendant announced that it would discontinue the cosmetology night classes for at least two years and would not renew the contracts of four Black teachers, including Plaintiff. *See Ex. A to Def.'s Motion* [#25-1] at 5-22.

In her Amended Complaint, Plaintiff also alleges that she filed a Charge of Discrimination with the CCRD and EEOC on July 10, 2024. *Am. Compl.* [#23], ¶ 100. However, she cites only the February 27, 2023 CCRD Complaint to support that allegation. *Id*. (citing *Compl. of Discrimination* [#1-7]).

### IV.    Analysis

### A.    Timeliness

Under both Title VII and CADA, a plaintiff must file a charge or complaint of discrimination within 300 days after the alleged unlawful employment practice occurs. 42 U.S.C. § 2000e-5(e)(1); COLO. REV. STAT. § 24-34-403. If a plaintiff fails to do so, the claims are time-barred. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); COLO. REV. STAT. § 24-34-403. In determining when the limitations period begins, courts do not focus on the employee's last day of work or the date the termination takes effect.

*Rice v. Deloitte Consulting LLP*, No. 12-cv-00253-WYD-KMT, 2013 WL 3448198, at *1 (D. Colo. July 9, 2013). Instead, courts look to the date on which the employer informs the employee of the allegedly discriminatory decision. *Id*.; *Quicker v. Colo. Civ. Rts. Comm'n*, 747 P.2d 682, 683 (Colo. App. 1987). An employee who learns of "the *injury* (the adverse employment decision) need not be aware of the unlawful *discriminatory intent* behind that act for the limitations clock to start ticking." *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1176 (10th Cir. 2011) (emphasis in original). After that date, "[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Rice*, 2013 WL 3448198, at *1 (quoting *Del. State Coll. v. Ricks*, 449 U.S. 250, 257 (1980)); *see also Almond*, 665 F.3d at 1177 ("[A] claim accrues when the disputed employment practice—the demotion, transfer, firing, refusal to hire, or the like—is first announced to the plaintiff.").

Defendant informed Plaintiff on May 1, 2023, that it would discontinue the cosmetology night session and that her contract would not be renewed for the upcoming school year. *Am. Compl.* [#23], ¶ 90. Under the authorities above, that notice triggered the 300-day period to file a Charge of Discrimination. Plaintiff therefore had until Monday, February 26, 2024, to file a timely charge regarding the District's notice of program discontinuation and contract non-renewal. For alleged discrimination and retaliation that occurred before May 1, 2023, the 300-day period lapsed even earlier. She did not file her Charge of Discrimination until March 13, 2024. *Ex. A to Motion, Charge of Discrimination* [#25-1] at 5-22. Therefore, Plaintiff's EEOC Charge was wholly untimely.

In her Response, Plaintiff argues that her claims are timely based on (1) the continuing violation doctrine, (2) her termination date[3], and (3) an EEOC email regarding her filing deadline. *Response* [#26] at 3-5. None of these arguments salvage her claims.

## B.    Continuing Violation Doctrine and Hostile Work Environment

Plaintiff contends that the continuing violation doctrine applies because she "details a continuous and escalating pattern of discriminatory and retaliatory acts from May 2022 through May 2023, creating a hostile work environment." *Response* [#26] at 3. She further argues that "[t]he 'continuing violation' doctrine recognizes that a hostile work environment is a single, unlawful practice composed of a series of acts" and that "[t]he statute of limitations does not begin to run until the last act contributing to the hostile environment occurs." *Id*. (citing *Morgan*, 536 U.S. at 117).

Plaintiff is correct that the filing period of hostile work environment claims differs. Because these claims involve "a series of separate acts that collectively constitute one 'unlawful employment practice[,]'" some component acts may have occurred outside of the timely filing period, provided that at least one "act contributing to the claim occurs within the filing period[.]" *Morgan*, 536 U.S. at 117 (quoting 42 U.S.C. § 2000e-5(e)(1)); *see also id.* at 115 (noting, "in direct contrast to discrete acts, a single act of harassment may not be actionable on its own.'). However, in *Morgan*, the Supreme Court expressly stated that the continuing violation doctrine does not apply to discrete retaliatory or discriminatory acts even when a discrete act or single occurrence is connected to other acts. *See id*. at 110-111. The Court held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed

---

[3] The Court has already addressed the futility of Plaintiff's reliance on her termination date.

charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Id*. at 113.

The Amended Complaint [#23] does not contain a claim for hostile work environment, though the allegations use that phrase in three instances, each in a conclusory fashion. *See Am. Comp.* [#23], ¶¶ 18, 20 (alleging that the District's rejection of her race discrimination complaint in September 2022, summoning of law enforcement in April 2023, and termination of her in May 2023 "created an intolerable, hostile work environment . . . that ultimately resulted in constructive discharge"), ¶¶ 54, 57 (alleging that someone else accused Plaintiff of "creat[ing] a hostile work environment").

To state an actionable hostile work environment claim, "a plaintiff must allege (1) membership in a protected class; (2) [s]he was subjected to unwelcome harassment; (3) the harassment was due to [her race, color, age, or gender]; and (4) the harassment was so severe or pervasive that it altered a term, condition, or privilege of [her] employment and created an abusive environment." *Young v. Colo. Dep't of Corr.*, 94 F.4th 1242, 1249 (10th Cir. 2024) (citing *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015).

"Whether an environment is hostile or abusive can be determined only by looking at all the circumstances including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Stinnett v. Safeway, Inc.*, 337 F.3d 1213, 1219 (10th Cir. 2003). For harassment to rise to the level where it "alter[s] the terms, conditions, or privileges of employment, the complained-of conduct must be both objectively and subjectively offensive." *Young*, 94 F.4th at 1250 (citing *Sprague v. Thorn Ams., Inc.*, 129 F.3d 1355, 1365 (10th Cir. 1997); *Harris v. Forklift*

*Sys., Inc.*, 510 U.S. 17, 21 (1993)). Thus, in addition to plausibly alleging that she subjectively perceived the employer's conduct as severe or pervasive, a plaintiff must "show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult." *Young*, 94 F.4th at 1251.

Here, even if the Court assumes that Plaintiff has satisfied the first and third elements, i.e., that she was a member of a protected class and that any harassment was due to her race, color, gender, or age, her Amended Complaint [#23] does not show that any harassment was sufficiently severe or pervasive. Consequently, Plaintiff's allegations fall well short of plausibly alleging a hostile work environment, and the Court cannot take as true her unadorned conclusory allegation. *See Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1144-45 (10th Cir. 2023). Because Plaintiff has not plausibly alleged a hostile work environment claim, Plaintiff cannot avail herself of the continuing violation doctrine.

## C.    Equitable Tolling

Plaintiff relies on an EEOC email addressing her filing deadline. *Response* [#26] at 5. Plaintiff argues that the EEOC representative informed her that her "deadline for filing your charge of discrimination is March 21, 2024." *Id*. The Court liberally construes this argument as one for equitable tolling. This argument fails.

Plaintiff has not shown that equitable tolling is warranted. Courts are not to disregard "[p]rocedural requirements established by Congress for gaining access to the federal courts . . . out of vague sympathy for particular litigants." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984); *see also Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014) (observing that "the [equitable tolling] doctrine effectively extends an otherwise discrete limitations period set by Congress" and, therefore, warrants careful consideration of statutory intent). Thus, courts will exercise their sound discretion to

equitably toll deadlines only in rare circumstances, such as "where [the plaintiff] has actively pursued [her] judicial remedies by filing a defective pleading during the statutory period, or whether the [plaintiff] has been induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990); *see also Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 861 (10th Cir. 1996) (noting equitable tolling falls within the court's sound discretion). Here, Plaintiff has not shown how she was "actively misled, or has in some extraordinary way been prevented from asserting . . . her rights[.]" *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) (internal citation and quotation marks omitted).[4]

Accordingly, Plaintiff's failure to file a timely Charge of Discrimination within the 300-day period renders her claims time-barred and subject to dismissal.

### V. Conclusion

For the reasons set forth above, IT IS **ORDERED** as follows:

Defendant's Motion to Dismiss [#25] is **GRANTED,**

Plaintiff's claims are dismissed without prejudice, and

The Clerk of Court shall **TERMINATE** this matter.

Dated: March 29, 2026                                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

---

[4] Even if the Court were to permitted to judicially notice the EEOC representative's email, it does not support Plaintiff's argument because the email expressly advises Plaintiff of "strict time limits for filing a charge of employment discrimination" and it refers Plaintiff to the relevant EEOC webpage. *Ex. 36 to Response* [#26-5].